IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTWOIN HARBISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:13cv589-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Federal inmate Antwoin Harbison ("Harbison") is before the court on a *pro se* motion
to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

## I.   BACKGROUND

On December 14, 2011, a jury found Harbison guilty of conspiring to lease, rent, use,
and maintain a residence for the purpose of manufacturing, distributing, and using crack
cocaine and cocaine hydrochloride, in violation of 21 U.S.C. §§ 856(a)(1) and 846; conspiring
to possess with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 846; and
possession with intent to distribute 28 grams or more of crack cocaine, in violation of 21
U.S.C. § 841(a)(1).  Following a sentencing hearing on March 28, 2012, the district court
sentenced Harbison to 180 months in prison.

Harbison appealed, arguing that the original search warrant issued for his residence
violated the Fourth Amendment's particularity requirement and that the denial of his motion
for mistrial based upon an alleged violation of Fed.R.Crim.P. 16(a)(1)(A) constituted reversible

error.  Harbison also challenged the imposition of four sentencing enhancements, namely: (1) U.S.S.G. § 2D1.1(b)(1), for possession of a firearm; (2) § 2D1.1(b)(12), for maintaining a premises for the purpose of manufacturing drugs; (3) § 3B1.1(c), for assuming a leadership role in respect to his offenses; and (4) §§ 2D1.1(e)(1) and 3A1.1(b)(1), for committing a sexual offense against, and distributing crack cocaine to, a vulnerable victim.  On July 10, 2013, the Eleventh Circuit Court of Appeals affirmed Harbison's convictions and sentence.  *United States v. Harbison*, 523 Fed. App'x 569 (11th Cir. 2013).  Harbison did not seek certiorari review in the United States Supreme Court.

On August 12, 2013, Harbison filed this § 2255 motion raising three claims that his trial counsel rendered ineffective assistance by failing to argue successfully against the this court's imposition of the sentencing enhancements in (1) U.S.S.G. § 2D1.1(b)(1), for possession of a firearm; (2) U.S.S.G. § 3B1.1(c), for assuming a leadership role in respect to his offenses; and (3) U.S.S.G. §§ 2D1.1(e)(1) and 3A1.1(b)(1), for committing a sexual offense against, and distributing crack cocaine to, a vulnerable victim.  *Doc. No. 1* at 4*; Doc. No. 2* at 4-8.[1]

The Government maintains that all of Harbison's claims of ineffective assistance counsel are without merit and should be rejected as grounds for relief.  Based on the court's consideration of the parties' submissions and the record, the court concludes that Harbison's § 2255 motion should be denied.

---

[1] Unless otherwise indicated, references to document numbers ("*Doc. No*.") are to those assigned by the Clerk of Court in the instant civil action.  Page references are to those assigned by CM/ECF.  References to exhibits (" *Gov. Ex*.") are to those filed by the Government with its responsE.

## II.   DISCUSSION

### A.   General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited.  A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B.   Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a

3

"strong presumption" that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted).  The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted).  "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.  The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").  "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687.  Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been.

4

*Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### 1.  *Firearm Enhancement*

Harbison contends that his trial counsel rendered ineffective assistance by failing to argue successfully against imposition of the sentencing enhancement in U.S.S.G. § 2D1.1(b)(1), for possession of a firearm.[2]  *Doc. No. 2* at 4-5.

At sentencing, Harbison's counsel argued that the § 2D1.1(b)(1) firearm enhancement should not apply to Harbison because, after three thorough searches of Harbison's residence, a firearm was never found.  *Ex. H* at 3.  The Government responded that Harbison's codefendant, Curtis Lamar Powell, who lived at Harbison's residence while the charged offenses were committed, told investigators during a proffer session that he saw a black and silver handgun in the residence during that time.  *Id*. at 4; *see* Presentence Investigation Report ("PSI") at 8, ¶ 28.  A confidential informant also told investigators that there weapons in Harbison's residence.  PSI at 18.  During a search of the residence, police found in Harbison's bedroom a magazine and ammunition generally consistent with Powell's description of the firearm.  *Ex. H* at 4-5.

This court found that the Government established by a preponderance of the evidence that Harbison possessed a firearm in connection with his offenses of conviction, and that Harbison had not presented any evidence to show it was clearly improbable that the firearm

---

[2] Under § 2D1.1(b)(1), a defendant's offense level increases by two levels "[i]f a dangerous weapon (including a firearm) was possessed" in connection with a drug offense.  U.S.S.G. § 2D1.1(b)(1).  This two-level increase applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  U.S.S.G. § 2D1.1, n.11(A).

was connected to his offenses. *Id.* at 5-6. Harbison pursued this issue on appeal, and the Eleventh Circuit upheld this court's findings and application of the firearm enhancement. *Harbison*, 523 Fed. App'x at 579-80.

In his § 2255 motion, Harbison identifies no particular argument or evidence that his trial counsel could have, but did not, present in opposition to the Government's evidence supporting application of the firearm enhancement. Instead, he merely reargues the facts upon which this court based its decision regarding the enhancement and which the Eleventh Circuit cited in affirming the judgment. *See Doc. No. 2* at 4-5. While Harbison, in his reply to the Government's response, alludes to "available evidence" his counsel failed to present in opposition to the enhancement and faults his counsel for failing to "properly contest false evidence which was presented by the government," *see* Doc. No. 17 at 1,[3] he does not indicate with any specificity the "available evidence" his counsel failed to present or the "false evidence" presented by the Government.

Harbison also claims that the commentary to § 2D1.1(b)(1) and Eleventh Circuit precedent both require that an actual weapon be recovered to warrant the firearm enhancement. *Doc. No. 2* at 4-5. However, he is incorrect. In upholding the enhancement in Harbison's case, the Eleventh Circuit expressly stated that "[t]he government need not introduce evidence that a firearm was ever physically found in order to meet it intitial burden" to support application of the firearm enhancement. *Harbison*, 523 Fed. App'x at 579 (citing *United States*

---

[3] *See also* Doc. No. 18 at 6-13.

6

*v. Audain*, 254 F.3d 1286, 1289 (11ᵗʰ Cir. 2010)).

Under the circumstances, Harbison demonstrates neither deficient performance by his trial counsel nor resulting prejudice under the standard in *Strickland*. Consequently, he is not entitled to any relief based on this claim of ineffective assistance of counsel.

### 2.   *Leadership Role Enhancement*

Harbison next contends that his trial counsel rendered ineffective assistance by failing to argue successfully against imposition of the sentencing enhancement in U.S.S.G. § 3B1.1(c), for assuming a leadership role in respect to his offenses.[4]  *Doc. No. 2* at 5-7.

As with the firearm enhancement, Harbison's counsel argued at sentencing against application of the leadership role enhancement to Harbison. *Ex. H* at 8-10. Counsel maintained that the evidence showed that codefendant Curtis Lamar Powell dealt drugs on his own from Harbison's residence, without direction from Harbison. *Id*. at 8.

This court found that Harbison was "in charge" of the residence where the drugs were sold, that he was the sole person present during all three searches of his residence, and that he supplied the drugs sold on the property. *Id*. at 9-10. The court noted that Harbison maintained a residence "where several individuals sold crack cocaine," and found that the nature of Harbison's participation supported the leadership role enhancement. *Id*. at 11.

Harbison pursued this issue on appeal, and the Eleventh Circuit upheld the application

---

[4] Under § 3B1.1(c), the sentencing court must apply a two-level enhancement where the defendant was an organizer, leader, manager, or supervisor in a sufficiently extensive drug conspiracy. U.S.S.G. § 3B1.1(c).

of the enhancement. *Harbison*, 523 Fed. App'x at 580.  In particular, the Eleventh Circuit stated that evidence of Harbison's control over another was found in Powell's testimony that (1) Harbison was his sole supplier of crack cocaine; (2) he sold drugs from Harbison's home at Harbison's direction; and (3) he continued to funnel proceeds from drug sales to Harbison even after he developed his own customer base. *Id.*

Again, Harbison does not identify in his § 2255 motion any particular argument or evidence that his trial counsel could have, but did not, present in opposition to application of the leadership role enhancement.  He merely reargues matters already presented to, and rejected by, this court and the Eleventh Circuit.  He demonstrates neither deficient performance by his trial counsel nor resulting prejudice under the standard in *Strickland*.  Therefore, he is not entitled to any relief based on this claim of ineffective assistance of counsel.

### 3.   *Vulnerable Victim Enhancement*

Finally, Harbison contends that his trial counsel rendered ineffective assistance by failing to argue successfully against imposition of the sentencing enhancement in U.S.S.G. §§ 2D1.1(e)(1) and 3A1.1(b)(1), for committing a sexual offense against, and distributing crack cocaine to, a vulnerable victim.[5] *Doc. No. 2* at 7-8.

---

[5] Where a defendant committed, or attempted to commit, a sexual offense against another individual by distributing, with or without that individual's knowledge, a controlled substance to that individual, an enhancement under § 3A1.1(b)(1) must be imposed by the sentencing court, subject to an exception not applicable in Harbison's case.  U.S.S.G. § 2D1.1(e)(1).  Section 3A1.1(b)(1) requires that, where "the defendant knew or should have known that a victim of the offense was a vulnerable victim," a two-level enhancement is warranted.  U.S.S.G. § 3A1.1(b)(1).  For purposes of the vulnerable victim enhancement, a "vulnerable victim" means a person who (i) is a victim of
(continued...)

Harbison's counsel argued at sentencing against application of the vulnerable victim enhancement.  *See* Case No. 2:10cr140-WKW, Doc. No. 197 at 12-27.  However, this court found that the Government had established by a preponderance of the evidence that the enhancement applied to Harbison.  *Id*. at 25-27.  Harbison pursued this issue on appeal, and the Eleventh Circuit upheld that conclusion, stating:

> [T]he district court properly found that (1) the female victim smoked crack cocaine, whether voluntary or involuntarily; (2) Harbison committed a sexual offense against her; and (3) she was especially vulnerable, given her age, the age difference between the victim and Harbison, and the victim's drug-induced impairment.  Harbison essentially asks for a re-weighing of the evidence, arguing that testimony of witnesses he proffered contradicted the victim's written statements and, therefore, preclude application of the enhancement.  However, we afford deference to the district court's weighing of the conflicting evidence in the first instance, and we note that the court was entirely reasonable in crediting the medical report, which documented extensive injuries consistent with sexual assault.  In fact, Harbison did not dispute at sentencing the notion that the sexual acts committed were not consensual.  Harbison instead posited that the preponderance of the evidence did not establish that Harbison was the perpetrator of a sexual assault.  The district court was within its perogative and did not err in applying the enhancement.

*Harbison*, 523 Fed. App'x at 579-80 (footnote omitted).

Once again, Harbison does not identify in his § 2255 motion any particular argument or evidence that his trial counsel could have, but did not, present in opposition to application of this enhancement.  Instead, he reargues matters presented to, and rejected by, this court and the Eleventh Circuit.  He demonstrates neither deficient performance by his trial counsel nor

---

[5](...continued)
the offense of conviction or other relevant conduct, and who (ii) is "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1 cmt. n.2.

resulting prejudice under the standard in *Strickland*.  Therefore, he is not entitled to any relief based on this claim of ineffective assistance of counsel.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Harbison be DENIED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before July 2, 2015**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*,

Done this 18th day of June, 2015.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

10